Daniei, Judge
 

 After stating the case as above, proceeded :
 

 The general rule is, that the endorsee must prove that lie has used all due diligence in demanding jiayment of the maker, and afterwards in giving notice to the endorser of the default of the maker, and that he is looked to for payment. Whether due diligence has been used is a question of law, but depends on facts, such as the situation of the parties, their ¡daces of abode and (he facility of communication,
 
 Derbyshire
 
 v.
 
 Parker,
 
 6
 
 East.
 
 3. 2
 
 Cowp.
 
 602.
 
 Tindel
 
 v.
 
 Brown,
 
 1 T.
 
 R.
 
 167. The courts of this State have said, uhat shall bo reasonable notice depends on the local situation and respective occupation and pursuits of the parties, of which it seems the court is to judge;
 
 London
 
 v.
 
 Howard,
 
 2
 
 Hay.
 
 332.
 
 Austin
 
 v.
 
 Rodman, Hawks
 
 195. The parties in this case, resided thirty miles from each other; and on the seventeenth _ v„ , «ay alter tite endorsement, the plaintiff issued his war-railt’ join^3r’ against the maker and endorsers, which was executed by the constable on all of them ; but, whether on tile maker first, and then on the endorsers, does -,r , . , „ 11 ot appear. We do not learn from the case, at what time the trial of the warrant took place, it might have been thirty days after the date, which time added to the
 
 *279
 
 seventeen days that elapsed after the endorsement, before the warrant was issued, would make forty-seven days ¡between the date of the endorsement, and the date of the notice to the endorsers. After such a length of time, it appears to us, that the endorsers would have been discharged from their liability.
 

 ™ • . of the Christian fonTin°awamm" is a fatal defect,’ anu,;llch an <?ne as this court has no power to supment7 anioni'
 

 The service of the warrant on the maker, was certainly a demand of payment of him; but at what time this was done, does not appear; nor does the time that the endorsers had notice thereof appear, so as to enable the court to judge, whether due diligence had been used or not. There must be a new trial. The plaintiff should not regret this, because if a new trial was refused, we do not see how we could render judgment against the defendant, upon the warrant brought against
 
 “McGinn
 
 and
 
 Graham,”
 
 without an amendment, which we are not authorised to allow. Yfe think therefore, the judgment 700 should be reversed and a new trial granted.
 

 Per Curiam — Judgment reversed.